TIMET, A DIVISION OF TITANIUM
METALS CORPORATION OF
AMERICA, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 80–1603.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 18, 1982.

Decided March 1, 1982.

Thomas H. Barnard, Gregory B. Scott,
Squire, Sanders & Dempsey, Cleveland,
Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen.
Counsel, David Marshall, N.L.R.B., Wash-
ington, D. C., for respondent.

Before EDWARDS, Chief Judge,
BROWN, Circuit Judge, and COHN, Dis-
trict Judge.*

PER CURIAM.

Timet seeks review and the vacation of
an order of the National Labor Relations
Board, which order required the company to
rehire employee Jacob Reed. The Board
found that the company had violated sec-
tion 8(a)(1) of the National Labor Relations
Act by discharging Reed for engaging in
concerted activity. We find substantial evi-
dence to support the finding of the Board in
this case, deny the petition of the company
and grant enforcement of the Board's or-
der.

Reed was a 10-year employee at Timet
and a Department Metallurgist at the time
of the events which led to his discharge.
The day before Reed's discharge on June 23,
1978, an immediate superior had told Reed
that he would receive a 4% salary increase.
Reed expressed vigorous dissatisfaction
with the amount of the raise and on testi-
mony credited by both the Administrative
Law Judge who heard this case and the
Board engaged in the following dialogue
with his supervisor concerning his com-
plaint about the 4% amount: The supervi-
sor asked, "What do you think you can do?"
to which Reed answered, "I can organize."
The supervisor responded, "I will tell Page
[the Plant Manager]." Additionally, that
afternoon Reed drafted a letter to salaried

* Honorable Avern Cohn, United States District
Judge for the Eastern District of Michigan, sit-
ting by designation.

personnel criticizing the merit salary increase system and volunteering to serve as their representative "before upper management" on the subject of cost-of-living adjustments. There is credited testimony that this letter was typed and shown to several persons either that afternoon or early the following morning. At 10:30 the following morning, the Plant Manager told Reed he was discharged.

The Administrative Law Judge and the Board found that Reed was an employee of Timet, entitled to the protection of the National Labor Relations Act, and that he was "unlawfully discharged for his complaints and for drafting and circulating a letter in which he offered to represent employees to management to obtain a cost-of-living adjustment." This conduct, the Board found, was "concerted activit[y]" protected by section 7 of the Act, which provides in part, "Employees shall have the right . . . to engage in . . . concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . ." 29 U.S.C. § 157. The Board also ordered Reed's reinstatement under section 8(a)(1) of the Act, which makes it an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7." 29 U.S.C. § 158(a)(1). The company on the other hand argues that Reed's job as a metallurgist had supervisory responsibilities which removed him from the protection of the Act and that he did not engage in concerted activity within the meaning of the Act and that, in any event, he was not discharged because of such activity.

We find no merit to the company's contention that Reed was a supervisory employee, and we find substantial evidence to support the Board's contention that his activities on the two days in question did cause his discharge. In particular, we observe that just one year before his discharge Reed received a 10% raise with the following commendation: "Mr. Reed's performance has been above average in the past exceeding at times those responsibility areas customarily within the realm of the department metallurgist. Mr. Reed's continuous progress and involvement in his responsibility area has merited him the proposed increase in his salary."

The only legal issue which requires discussion is whether or not Reed's activities represented concerted activity within the meaning of section 7 of the Act. Clearly Reed had not been chosen as a representative by any other employees, nor does the record disclose that any other employees joined in his protest. Equally clearly Reed did make known to management his intention to seek to organize his fellow employees, and there is substantial evidence that he acted on and conveyed this intention to some fellow employees. We hold that under these circumstances Reed was seeking to engage in concerted activity and had conveyed to company representatives his intention to do so. In *ARO, Inc. v. NLRB,* 596 F.2d 713, 718 (6th Cir. 1979), this court held, "For an individual claim or complaint to amount to concerted action under the Act it must . . . be made with the object of inducing or preparing for group action . . . ."[1]

This record demonstrates that Reed clearly was preparing for group activity. His letter had a ballot attached to it for an indication of agreement by other employees. The fact that he was discharged before any other employees had an opportunity to determine whether or not to join him does not defeat his rights under the Act.

For the reasons set forth above, we grant enforcement of the Board's order.

---

1. We have considered Timet's reliance on *Jim Causley Pontiac v. NLRB,* 620 F.2d 122, 126 n.7 (6th Cir. 1980). We do not believe that the *Jim Causley* opinion was designed to overrule or narrow the holding quoted above from the *ARO* case.